IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN I. VERDIN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-05-280 |
| | § | |
| AUTOSHACK OF TEXAS, INC. | § | |
| d/b/a AUTO SHACK INC. #1364; and | § | |
| AUTOZONE TEXAS, L.P. d/b/a | § | |
| AUTOZONE a/k/a AUTOZONERS, L.L.C. | § | |
| d/b/a AUTOZONE, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 22, 2007, the Court **GRANTED** the parties' Joint Motion to Extend Dispositive Motion Deadline. Dkt. No. 26.

An extension of the deadline to file dispositive motions constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b) (2006).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite

acting diligently, it was still (or will still be) unable to meet the deadline.

In the present case, Plaintiff and Defendants seek to extend the deadline for filing dispositive motions by 45 days. Dkt. No. 26. In support of their request, the parties state that they are actively engaging in discovery at this time. *Id.* As part of their discovery proceedings they have planned to take additional depositions, but the transcripts of the depositions will not be available in time for the parties to review them before the dispositive motion deadline. *Id.* Thus, the parties will not be able to incorporate the information disclosed in the depositions into any dispositive motions that the parties may file. *Id.*

The Court finds that the parties have acted diligently throughout the pretrial phase of this case. They have participated in mediation and are cooperatively participating in discovery proceedings. However, despite such diligence, the parties will be unable to meet the dispositive motion deadline in a manner that fully utilizes the products of their discovery efforts. Therefore, the Court determines that good cause has been shown for the extension of time requested.

Based on the foregoing, the Court **GRANTS** the parties' Joint Motion to Extend Dispositive Motion Deadline. Dkt. No. 26. Accordingly, the Court **AMENDS** its Scheduling Order, Dkt. No. 24, as follows:[1]

| | |
|---|---|
| Deadline for filing Dispositive Motions: | May 31, 2007 |
| Deadline for filing Joint Pretrial Order: | August 15, 2007 |
| Final Pretrial Conference: | August 28, 2007 at 1:30 p.m. |
| Jury Selection: | September 6, 2007 at 9:00 a.m. |

DONE at Brownsville, Texas, this _____ day of March, 2007.

_____
Hilda G. Tagle
United States District Judge

---

[1] Although the parties "do not seek an extension on any other deadlines or of the trial date," the Court finds it necessary to amend the Scheduling Order dates following the new dispositive motion deadline in order to provide for adequate time for the non-moving party to respond to dispositive motions and for the Court to consider and rule on the pending motions and responsive pleadings. Dkt. No. 26; *see Enguita v. Neoplan USA Corp.*, Civil Action No. B-04-121, Dkt. No. 40, at 5 (S.D. Tex. Sept. 22, 2005).