IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
DEC - 3 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| JUAN I. VERDIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-05-280 |
| AUTOZONE TEXAS, L.P. d/b/a , AUTOZONE a/k/a AUTOZONERS, L.L.C., d/b/a AUTOZONE, | § § § § § | |
| Defendant. | § § | |

## OPINION & ORDER

BE IT REMEMBERED that on December 3, 2007, the Court considered Defendant AutoZone, Inc.'s Motion for Bill of Costs and Memorandum in Support of Defendant's Bill for Costs. Dkt. No. 44.

I.   **Background**

Juan I. Verdin ("Verdin" or "Plaintiff") filed the instant action against his former employer, AutoZone Texas, L.P. d/b/a, AutoZone a/k/a AutoZoners, L.L.C., d/b/a/ AutoZone ("AutoZone" or "Defendant"), asserting that he was wrongfully terminated as a result of unlawful discrimination. Dkt. No. 1, Ex. 2. In his petition, Plaintiff alleged causes of action for (1) employment discrimination based on disability, (2) retaliation for engaging in a protected activity, (3) intentional infliction of emotional distress, (4) defamation, and (5) negligent and fraudulent misrepresentation. *Id.* at 4–7. After consideration of Defendant's motion for summary judgment and Plaintiff's response, the Court granted summary judgment in favor of Defendant and entered final judgment against Plaintiff. Dkt. Nos. 42, 43. In the instant motion, Defendant requests that it be awarded costs for court reporter fees and copies of papers. Dkt. No. 44. Plaintiff did not respond to Defendant's motion.

## II.  Standard for Awarding Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." However, only particular costs that are enumerated by statute may be taxed against an unsuccessful party. 28 U.S.C. § 1920. Such taxable costs include court reporter fees and fees for copies of papers, if such fees were necessarily obtained for use in the instant action. *Id.* at § 1920(2)–(4). Defendants who prevail in civil rights actions may recover costs listed in 28 U.S.C. § 1920. *Herold v. Hajoca Corp.*, 682 F.Supp. 297, 301 (W.D. Va. 1988). No chilling effect results from imposing costs against unsuccessful civil rights plaintiffs. *Pion v. Liberty Dairy Co.*, 922 F.Supp. 48, 51 (W.D. Mich. 1996) (citing *Goostree v. Tennessee*, 796 F.2d 854, 864 (6th Cir. 1986) ("The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920.")).

A party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Faculty Rights Coal. v. Shahrokhi*, No. Civ.A. H-04-2127, 2005 WL 1924192, *1 (S.D. Tex. Aug. 10, 2005); *Abundiz v. Explorer Pipeline Co.*, No. Civ. 300CV2029-H, Civ. 303CV0508-H, Civ. 303CV0787-H, 2004 WL 1161402, *1 (N.D. Tex. May 24, 2004) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991)). Additionally, the party must show that the costs were necessarily obtained for use in the instant matter, when such standard is applicable. *Abundiz*, 2004 WL 1161402 at *1 (citing *Fogleman*, 920 F.2d at 285–86). Courts differ on whether all-inclusive statements by counsel asserting that the costs incurred were actually necessary are sufficient to meet the standard of 28 U.S.C. § 1920. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003). It is within the discretion of district courts to determine whether the costs requested should be awarded to the prevailing party, and a court may decline to award the costs included in § 1920. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, No. Civ.A. H-01-4242, 2006 WL 734396, *1 (S.D. Tex. Mar. 22, 2006); *Abundiz*, 2004 WL 1161402 at *1 (citing *Fogleman*, 920 F.2d at 285–86). *See DP Solutions, Inc.*, 353 F.3d at 434. A court may not tax costs that are not enumerated in § 1920. *Conoco, Inc.*, 2006 WL 734396 at *1.

## III. Analysis

In the instant action, the Court determined that Defendant was entitled to summary judgment on all of Plaintiff's claims and entered final judgment against Plaintiff. Dkt. Nos. 42, 43. Because Defendant is the prevailing party in this matter, it is entitled to recover costs included in 28 U.S.C. § 1920. FED R. CIV. P. 54(d)(1); *Pion*, 922 F.Supp. at 51; *Herold*, 682 F.Supp. at 301. Therefore, the Court concludes that Defendant is entitled to have its costs taxed against Plaintiff. The Court will address each of Defendant's requests for costs in order to determine whether Defendant has met its burden of producing evidence properly documenting and establishing the costs incurred. *Shahrokhi*, 2005 WL 1924192 at *1; *Abundiz*, 2004 WL 1161402 at *1.

### A. *Court Reporter Fees*

Section 1920 provides for recovery of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under Fifth Circuit law, it is not necessary for a deposition transcript to be introduced into evidence or used at trial in order for it to be considered "necessarily obtained" for purposes of taxing costs. Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999). Instead, so long as it is reasonable to expect that the deposition may be used in preparing the case for trial, it may be included as a taxable cost under § 1920. *Id.* Although § 1920 only specifically refers to fees for any part of the stenographic transcript of a deposition, the section has been interpreted to include costs associated with taking, transcribing, and reproducing depositions and their transcripts. *Pion*, 922 F.Supp. at 54. *See* Firth v. Don McGill of W. Houston, Ltd., No. Civ.A. H-04-0659, 2006 WL 846377, *8 (S.D. Tex. Mar. 28, 2006) (stating that the prevailing party may recover deposition costs).

Defendant requests that Plaintiff be taxed $1,372.10 as costs pertaining to the depositions of Plaintiff, Landon Brink, Joe Castillo, and Joe Espinosa. Dkt. No. 44, at 1–2. Defendant provided itemized invoices describing the costs associated with each deposition. *Id.* at Ex. A. However, there is a discrepancy in the amount of costs requested by Defendant and the costs enumerated in the invoices produced. Defendant's receipts

for court reporter fees include $967.10[1] in stenographic deposition fees and $540.00 in video recording fees, which total $1,507.10. Thus, the Court will analyze whether any of the $1,507.10 in deposition costs should be taxed against Plaintiff.

The Court finds that it is reasonable to expect that a plaintiff's deposition may be used in preparation for trial. Tittle v. Raines, No. 3-99-CV-0478-L, 2002 U.S. Dist. LEXIS 21171, *6 (N.D. Tex. Oct. 31, 2002) (stating that it is reasonable for a defendant to depose a plaintiff in a lawsuit). Additionally, Defendant actually relied on Plaintiff's deposition transcript as evidence in support of their motion for summary judgment. Dkt. No. 29. The Court also determines that it was reasonable for Defendant to depose Landon Brink, Joe Castillo, and Joe Espinosa in this matter, as each of these witnesses testified about issues crucial to Plaintiff's claims against Defendant, and Defendant relied on their testimony in its summary judgment motion. *Id.* Furthermore, in its Opinion & Order granting summary judgment, the Court analyzed the deposition testimony of each of these witnesses. Dkt. No. 42. Based on the foregoing and Defendants' itemization of the deposition costs, the Court finds that Defendant's stenographic depositions of Plaintiff, Landon Brink, Joe Castillo, and Joe Espinosa and transcripts of same were necessarily obtained for use in the present case. *See Stearns Airport Equip. Co., Inc.*, 170 F.3d at 536; *Abundiz*, 2004 WL 1161402 at *2; *Pion*, 922 F.Supp. at 54. Accordingly, the Court grants Defendant's request that the costs of the stenographic depositions of Plaintiff, Landon Brink, Joe Castillo, and Joe Espinosa in the amount of $967.10 be taxed against Plaintiff. Dkt. No. 44, Ex. A at 1–4.

The additional $540.00 in costs Defendant has claimed are associated with video recordings of the depositions, as the invoice provided by Defendant is from "Tele Video and Audio Productions" and is itemized to include "m-peg" copies of the depositions of Landon Brink, Joe Espinosa, Joe Castillo, and Jesse Graybill. *Id.* at 5. The four copies ordered cost $125.00 each, and a $40.00 shipping and handling fee was also charged. *Id.* However, costs associated with video recordings of depositions are not included in §

---

[1] Defendant's receipts account for stenographic deposition fees of $721.85 for Plaintiff's deposition, $128.75 for Landon Brink's deposition, $40.75 for Joe Castillo's deposition, and $75.75 for Joe Espinosa's deposition, for a total of $967.10. Dkt. No. 44, Ex. A at 1–4.

1920, and a court may not tax such costs against an unsuccessful party. 28 U.S.C. § 1920. See Conoco, Inc., 2006 WL 734396 at *1. Therefore, the Court concludes that the costs Defendant incurred as a result of ordering four m-peg copies of the depositions of Landon Brink, Joe Espinosa, Joe Castillo, and Jesse Graybill may not be taxed against Plaintiff. Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529–30 (5th Cir. 2001) (citing Migis, 135 F.3d at 1049); Baker v. Washington Mut. Fin. Group, LLC, Civil Action No. 1:04cv137WJG-JMR, 2007 WL 571103, *19 (S.D. Miss. Feb. 20, 2007). Accordingly, the Court denies Defendant's request to tax $540.00 in video recordings of depositions against Plaintiff. Dkt. No. 44, Ex. A at 5.

### B.   Fees for Copies of Papers

Costs for copies of papers may be taxed against an unsuccessful party if they were necessarily obtained for use in the instant action. 28 U.S.C. § 1920(4). The party requesting that such costs be awarded must present evidence establishing the necessity of the costs with particularity. Firth, 2006 WL 846377 at *9; Abundiz, 2004 WL 1161402 at *5 (citing Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994)). Although it is not necessary for "a prevailing party to identify every xerox copy made for use in the course of legal proceedings, [a court will] require some demonstration that reproduction costs necessarily result from that litigation." Fogleman, 920 F.2d at 286; Denner v. Tex. Dept of Criminal Justice, Civil Action No. SA-05-CA-184-XR, 2007 WL 294191, *7 (W.D. Tex. Jan. 29, 2007); Firth, 2006 WL 846377 at *9; Abundiz, 2004 WL 1161402 at *5.

In its motion, Defendant states that it "requests that Plaintiff be taxed for the costs for copying two copies each of the 562 documents used for pleadings and exhibits at $.20 per page, totaling $224.80. In sum, Defendant seeks $224.80 for costs of copies of papers necessarily obtained for use in the case." Dkt. No. 44, at 3. Defendant does not provide any other documentation or evidence pertaining specifically to these costs.

Although Defendant provided the copy rate and number of documents that were copied, there is no further description indicating the substance or purpose of the copies. For instance, Defendant could have at least provided a listing of the pleadings at issue and the reason for making multiple copies of the documents. See Pion, 922 F.Supp. at 53 ("[T]he court will not endeavor to calculate the number of pages or documents for which

costs are available; this task should have been performed by the defendant."). Although Defendant's counsel submitted an affidavit stating that the "disbursements listed on the attached Bill of Costs have been necessarily incurred in this case," the Court finds that a conclusory assertion alone is not sufficient to warrant the award of such costs. Without more explanation or itemization of these documents, the Court cannot determine whether the copies were necessarily obtained for use in the instant matter. Therefore, the Court finds that Defendant failed to establish the copies of papers claimed as costs were necessarily obtained for use in the present litigation. *Denner*, 2007 WL 294191 at *7; *Pion*, 922 F.Supp. at 53. See *Fogleman*, 920 F.2d at 286 (stating that although the unsuccessful party "should be taxed for the cost of producing relevant documents and exhibits for use in the case, [the party] should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines"). Accordingly, the Court denies Defendant's request to tax the cost of copies of papers against Plaintiff.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendant AutoZone, Inc.'s Motion for Bill of Costs and Memorandum in Support of Defendant's Bill for Costs. Dkt. No. 44. The Court **GRANTS** Defendant's motion as to its request to tax the costs of stenographic depositions of Plaintiff, Landon Brink, Joe Castillo, and Joe Espinosa in the amount of $967.10 against Plaintiff. The Court **DENIES** Defendant's motion as to its requests to tax the costs of video recordings of any depositions and copies of papers against Plaintiff. Accordingly, the Court **ORDERS** the Clerk of the Court to tax costs against Plaintiff in the amount of $967.10, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

DONE at Brownsville, Texas, this 3rd day of December, 2007.

Hilda G. Tagle
United States District Judge